UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

PNC BANK, NATIONAL ASSOCIATION,
successor to National City Bank,
National City Bank of the Midwest and
National City Bank of Michigan/Illinois,
a national banking association,

        Plaintiff,

v.

BUCHANAN METAL FORMING, INC.,
a Michigan corporation, and
AMY HAYMAN, Personal Representative of the
Estate of Richard J. Tapper,

        Defendants.
_____/

Joseph M. Ammar (P41972)
James E. Spurr (P33049)
MILLER, CANFIELD, PADDOCK
 AND STONE, P.L.C.
Attorneys for Plaintiff
277 South Rose Street, Suite 5000
Kalamazoo, MI  49007
(269) 383-5810 / (269) 383-5809
ammar@millercanfield.com
spurr@millercanfield.com
_____/

# COMPLAINT

      Plaintiff, PNC Bank, National Association, successor to National City Bank, National City Bank of the Midwest and National City Bank of Michigan/Illinois, by its attorneys, Miller, Canfield, Paddock and Stone, P.L.C., for its Complaint against Defendants, states as follows:

## COMMON ALLEGATIONS

## THE PARTIES

1. Plaintiff, PNC Bank, National Association ("Plaintiff" or "Bank") is a national bank chartered under the laws of the United States, with its home office, as set forth in its articles of association, located in the State of Delaware. PNC Bank, National Association is the successor to National City Bank, National City Bank of the Midwest and National City Bank of Michigan/Illinois. Documents evidencing and supporting National City Bank's merger with and into PNC Bank, National Association are attached as **Exhibit A**.

2. Defendant, Buchanan Metal Forming, Inc. ("Buchanan Metal"), upon information and belief, is a Michigan corporation whose registered office address is 103 West Smith Street, Buchanan, Michigan 49107. Upon information and belief, Defendant Buchanan Metal's principal place of business is in the State of Michigan.

3. Defendant, Amy Hayman ("Hayman") is an individual and the court-appointed personal representative of the Estate of Richard J. Tapper ("Estate"), Macomb County Probate Court Case No. 2019-230419-DE.  Defendant Hayman, upon information and belief,  resides at 478 St. Clair, Grosse Pointe Park, Michigan 48230, is domiciled in the State of Michigan and intends to make a home in the State of Michigan indefinitely. Pursuant to a Mortgage granted by Buchanan Metal to Richard J. Tapper dated August 6, 1990, recorded on August 27, 1990 ("Tapper Mortgage"), Defendant Hayman, as personal representative of the Estate, claims an interest in certain real property of Buchanan Metal which is the subject of this action. A copy of the Tapper Mortgage is attached as **Exhibit B**.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1332, as complete diversity exists between the parties, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

5. Venue is proper in this Court, pursuant to 28 USC § 1391(a), because the facts and circumstances giving rise to this cause of action occurred in Berrien County, Michigan.

## THE LOAN DOCUMENTS

6. Plaintiff incorporates the allegations set forth in Paragraphs 1 through 5 above by reference, with the same force and effect as if fully repeated.

7. On or about October 5, 2018, Buchanan Metal made and delivered to Bank a certain Amended and Restated Committed Line of Credit Note ("Note") and Amended and Restated Working Cash ®, Line of Credit, Investment Sweep Rider ("Sweep Rider"), copies of which are attached as **Exhibit C**, in order to evidence a line of credit loan that Bank extended to Defendant Buchanan Metal in the original principal amount of $2,000,000.00.

8. To secure the repayment of the Note and all of its indebtedness to Bank, Defendant Buchanan Metal executed a Mortgage (the "Mortgage"), in favor of Bank, dated as of November 19, 2001, encumbering real property commonly known as 103 West Smith Street, Buchanan, Michigan (the "Property"), which was recorded on December 1, 2001, in Liber 2199, Page 76, Berrien County Records. A copy of the Mortgage is attached as **Exhibit D**.

9. Repayment of the Note was further secured by an Amended and Restated Security Agreement dated October 5, 2018 (the "Security Agreement"), executed by Buchanan Metal in favor of the Bank, granting Bank a security interest in all of its personal property assets (the "Collateral"). A copy of the Security Agreement is attached as **Exhibit E**.

10. In conjunction with Bank's extension of credit to Buchanan Metal, on or about October 5, 2018, Buchanan Metal and Bank executed an Amended and Restated Loan Agreement (the "Loan Agreement"), which sets forth additional terms and conditions governing the loan relationship. A copy of the Loan Agreement is attached as **Exhibit F**.

11. The Bank, Buchanan Metal and Richard J. Tapper also executed an Amended and Restated Subordination Agreement on or about October 5, 2018 ("Subordination Agreement"), a copy of which is attached as **Exhibit G**. Pursuant to the Subordination Agreement, as a result of the occurrence of events of default described below by Buchanan Metal under the Loan Documents, the Defendants are notified that Buchanan Metal shall not make, and Hayman on behalf of the Estate, shall not receive, any direct or indirect payments of principal, interest, fees or expenses under the Subordinated Debt (as defined in the Subordination Agreement).

12. The Note, Sweep Rider, Mortgage, Security Agreement, Loan Agreement, Subordination Agreement and all other related documents are referred to collectively as the "Loan Documents."

## THE DEFAULTS

13. Defaults exist under the terms and conditions of the Loan Documents for the reason that, among other things, Defendant Buchanan Metal failed to make full payment to the Bank when the Note matured on August 31, 2019.

14. Pursuant to its rights under the terms of the Loan Documents, Bank demanded the full and immediate repayment of all sums owing from Defendant Buchanan Metal under the Note.

15. Despite demand for the full and immediate repayment of all sums owing under the Note, Defendant Buchanan Metal failed to honor its obligations to Bank.

## COUNT I

## BREACH OF NOTE

16. Plaintiff restates and incorporates the allegations set forth in Paragraphs 1 through 15 above by reference, with the same force and effect as if fully repeated.

17. By its terms, the Note was to be repaid when it matured on August 31, 2019, when the outstanding principal and accrued interest was to be paid in full to Bank.

18. Defendant Buchanan Metal failed to make payment to Bank as and when agreed pursuant to the terms of the Note.

19. Pursuant to its rights under the Note, Bank demanded the full and immediate repayment of all sums owing thereunder from Defendant Buchanan Metal.

20. Despite demand, Defendant Buchanan Metal has failed, neglected and refused to repay the sums owing to Bank pursuant to the Note.

21. As of July 30, 2020, the principal sum of $1,940,293.43 was owing and due under the Note to Bank, together with accrued and unpaid interest of $56,904.08 and late fees of $1,000.00, for a total, exclusive of additional costs and fees, of $1,998,197.51.

22. Under the Note, Defendant Buchanan Metal agreed to pay all of Bank's costs and expenses incurred in its collection, including reasonable attorney fees.

**WHEREFORE,** Plaintiff PNC Bank, National Association requests that this Honorable Court enter judgment in its favor, and against Defendant, Buchanan Metal Forming, Inc. in the sum of $1,998,197.51, and award Plaintiff its costs and attorney fees incurred in the prosecution of this action, together with interest thereon as provided for by statute from and after July 30, 2020.

## COUNT II

## CLAIM AND DELIVERY

23. Plaintiff restates and incorporates the allegations set forth in Paragraphs 1 through 22 above by reference, with the same force and effect as if fully repeated.

24. As set forth in Count I, Defendant Buchanan Metal has failed to repay the sums owing to Bank pursuant to the Note, despite demand having been made by Bank.

25. Pursuant to the terms of the Security Agreement and the Michigan Uniform Commercial Code, Bank is entitled to possession of the Collateral upon the failure of Defendant Buchanan Metal to repay the Note as agreed.

26. Bank's security interest in the Collateral is senior to the interests of the Defendants and is perfected pursuant to financing statements filed with the Michigan Secretary of State on December 14, 2001, October 10, 2002, September 5, 2003 and June 13, 2019, as continued and amended from time to time. Copies of the financing and continuation statements are attached as **Exhibit H**.

27. The Collateral consists of independent pieces of property or a portion of divisible property of uniform kind, quality and value.

28. The Collateral is not in the Defendants' custody by virtue of any execution or attachment against the personal property of Bank, nor by virtue of any warrant for the collection of taxes, assessments or fines.

29. The Collateral is presently subject to damage, accident, sale, deterioration due to the passage of time, depreciation, and disposal or dissipation by Defendant Buchanan Metal.

30. Upon information and belief, the Collateral has an aggregate value which is less than the indebtedness owing to Bank.

31. Pursuant to the terms of the Security Agreement and the Loan Documents, Bank is entitled to recover all costs, expenses and reasonable attorney fees from Defendant Buchanan Metal, which are incurred in locating and obtaining possession of the Collateral.

**WHEREFORE**, Plaintiff PNC Bank, National Association requests that this Honorable Court:

A. Issue an Order requiring Defendant Buchanan Metal to show cause why this Honorable Court should not order the Collateral to be delivered to Plaintiff forthwith, in accordance with MCR 3.105 and MCL §600.2920; and,

B. Order and adjudge that Defendant Buchanan Metal immediately deliver an inventory of the Collateral to Plaintiff describing same by item, type and location, or permitting Plaintiff to perform same forthwith, together with an accounting of the proceeds realized from sales of same; and,

C. Order and adjudge that Defendant Buchanan Metal deliver the Collateral to Plaintiff, or that Plaintiff be permitted to seize same within 21 days, pursuant to MCR 3.105(E)(4)(c); and,

D. Order and adjudge Plaintiff to be authorized to dispose of the Collateral pursuant to MCL §440.9610; and,

E. Enter judgment in favor of Plaintiff and against Defendant Buchanan Metal, for any deficiency that may exist after the disposition of the Collateral pursuant to Paragraph D above, together with costs, attorney fees and interest as provided for by statute; and,

    F.    Determine the priority of the respective parties' interest in the Collateral; and,

    G.    Grant Plaintiff any other relief as this Honorable Court shall deem just and appropriate.

## COUNT III

## JUDICIAL FORECLOSURE

32. Plaintiff restates and incorporates the allegations set forth in Paragraphs 1 through 31 above by reference, with the same force and effect as if fully repeated.

33. The Property currently encumbered by Plaintiff's Mortgage is described as:

Land in the City of Buchanan, County of Berrien, and State of Michigan, described as:

> Part of the Northeast Quarter of Section 35, Town 7 South, Range 18 West, described as: Commencing at the Southwest corner of Smith and Oak Streets, thence West 346.49 feet to a point on the South right of way line of Smith Street and the true place of beginning of the land herein described, thence South 3 degrees 22 minutes 02 seconds West 531.37 feet, thence South 41 degrees 25 minutes 10 seconds West 172.65 feet, thence South 86 degrees 33 minutes 40 seconds West 184.82 feet, thence North 0 degrees 14 minutes 00 seconds East 450.05 feet, thence North 47 degrees 13 minutes 30 seconds East 325.36 feet to the South right of way line of Smith Street, thence East on said right of way line 89.26 feet to the place of beginning.

> Tax I.D. No.    11-58-0035-0263-02-1

> Commonly known as:    103 West Smith Street
> Buchanan, Michigan 49107

34. As set forth in Count I above, Defendant Buchanan Metal is in default of its obligations to Bank under the terms of the Note and other Loan Documents.

35. Upon the default of Defendant Buchanan Metal, Bank has the right to foreclose the Mortgage, either by advertisement or judicially. See **Exhibit D**.

36. As of July 30, 2020, there remains a balance owing to Bank on the Note in the aggregate amount of $1,998,197.51, exclusive of additional costs and fees which shall accrue thereafter.

37. Other than the Defendants presently named in this Complaint, Bank is unaware of any entity claiming an interest in the Property whose rights would be affected by this foreclosure.

38. All interests claimed against the Property by Defendants are inferior and subordinate to Bank's Mortgage.

39. No proceeding at law has been instituted to recover the debt evidenced by the Note and secured by the Mortgage, or any part of it, and no part of the debt has been collected or paid.

**WHEREFORE**, Plaintiff PNC Bank, National Association requests that this Court:

A. Determine the amount due to Plaintiff pursuant to the Note and the Mortgage, and enter a judgment for such amount in favor of Plaintiff, together with its expenses, attorney fees and other costs; and,

B. That the lien of the Mortgage held by Plaintiff be adjudged to constitute a priority lien on the Property superior in right to all other liens or interests in such property; and,

C. Upon the failure of Defendant Buchanan Metal to pay such amount to Plaintiff, order that the Property be sold at public sale to the highest bidder, pursuant to the applicable statutes and Michigan Court Rules; and,

D. Provide that, subsequent to the foreclosure sale, and the running of any period of redemption, upon the failure of Defendant Buchanan Metal, the Defendants and all parties claiming from or under them be foreclosed and barred from any and all equity of redemption and all claims of, in and to the Property; and,

E. Order Defendant Buchanan Metal, and all parties claiming from or under it, or who have otherwise come into possession of the Property or any portion of the Property during the pendency of this suit, to deliver and yield possession of the Property upon production or authentication of the deed or deeds to be executed pursuant to such sale, and a certified copy of

       the order of judgment confirming the report of such sale, after such order of judgment has become absolute; and,

F.     Order the net proceeds received from such public sale to be paid to Plaintiff in satisfaction, or in partial satisfaction, of the amount determined to be due to Plaintiff pursuant to the Note, with any surplus realized from the sale to be disposed of and distributed as the Court may direct; and,

G.     Enter a judgment in favor of Plaintiff and against Defendant Buchanan Metal, for the amount of the deficiency following the public sale and report of sale; and,

H.     Grant Plaintiff such other relief as may be deemed fair and equitable.

**MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.**

By: /s/ JOSEPH M. AMMAR
    Joseph M. Ammar (P41972)
    James E. Spurr (P33049)
    Attorneys for Plaintiff
    277 South Rose Street, Suite 5000
    Kalamazoo, MI 49007
    (269) 383-5810 / (269) 383-5809
    ammar@millercanfield.com
    spurr@millercanfield.com

Dated: July 30, 2020

36241113.1\158913-00002